JULIA TULENKO, ADMINISTRATRIX AD PROSEQUENDUM, PLAINTIFF, v. EDWARD SIGMAN AND THOMAS NORRIS, DEFENDANTS.

Submitted May 11, 1928—Decided January 16, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *McDermott, Enright & Carpenter,* and *Carl S. Kuebler.*

*Contra, Aaron L. Simon.*

PER CURIAM.

This case is before this court on a defendants' rule to show cause. The rule is addressed only to a judgment of $1,000 obtained by Julia Tulenko, administratrix *ad prosequendum* of the estate of William Tulenko, against the defendants. The case arose out of an automobile accident. The deceased was driving his mother, Julia Tulenko, in a Studebaker sedan owned by his father, Wasco Tulenko. At the intersection of First and Bloomfield streets, in the city of Hoboken, an accident occurred. The Tulenko car collided with a car owned by Thomas Norris and driven by Edward Sigman. It was a Chevrolet touring car and disappeared after the accident. Julia Tulenko was slightly injured. The car was slightly damaged. Verdicts of $500 in favor of Julia Tulenko and $250 in favor of Wasco Tulenko have been paid.

William Tulenko died on September 10th, 1926, of tubercular meningitis. The accident took place in the month of May, 1926. It was contended that at the time of the accident William's chest came in contact with the steering wheel and that his death was the result of this contact. The defendants claimed that he died of natural causes and that the accident did not aggravate any pre-existing condition. William got out of the car after the accident. He paid a young man $10 to drive them home. Mrs. Tulenko testified that her son, William, was in bed for about two weeks after the accident and that when he returned to work he was unable to work and was obliged to give up his position. She said he complained always of his chest where the wheel hit him. She testified that he was in bed all the day following the accident. It

appears, however, that he went to the police station on this day. The medical testimony regarding the illness of William being attributable to the accident is not convincing. A medical examination revealed nothing. The doctor who made it testified that he could discover no pathological findings. He could not hear any rales. There were no abrasions. William complained of pains in the chest. The only evidence of such pains was what William told him. Later William signed a statement in which he said, "I was not injured in any way."

In August, 1926, William went to the Passaic General Hospital. He was there treated by an interne and a physician. He was confined to the hospital from August 27th to September 3d. He referred to a strain received five years before. He also spoke of earaches. An examination revealed a history of gonorrhea for five years standing. He had bad teeth, cryptic tonsils, crackling rales, and myalgia of the legs and thigh. The cause of death assigned was, as stated, tubercular meningitis.

We are satisfied that the verdict should be set aside because it is contrary to the weight of the evidence that the death of William was the result of the accident.

The rule to show cause is made absolute.